UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| LAMON TANEAL HEMINGWAY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NINA HILL, et al., )<br>)<br>Defendants. ) | No. 1:17-CV-0030 RLW |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Lamon Taneal Hemingway (registration no.1101853), an inmate at Southeast Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.70. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $8.50. Accordingly, the Court will assess an initial partial filing fee of $1.70, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff, an inmate at SECC, brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights. Named as defendants are: Nina Hill; Kimberly Delisle; Unknown Roberts; Michael Loomis; Antonia Johann; and Larry Graham. Plaintiff claims that each of the alleged defendants are current nurses at SECC, employed by Corizon. Plaintiff sues defendants in their individual and official capacities.

Plaintiff claims to suffer from a seizure disorder and to regularly see nurse Nina Hill in a chronic care clinic at the prison. He asserts that on February 2, 2017, he was seeing Nurse Nina Hill on "sick call for other injuries," and he began to tell Nurse Hill allegations about his purported offender abuse claims. Plaintiff purportedly told Nurse Hill that she had an obligation to report plaintiff's offender abuse claims, and he stated that if she failed to report the offender abuse he would have to report Nurse Hill for failing to do so. Plaintiff asserts that Nurse Hill became upset at plaintiff and "did not try to complete" plaintiff's sick call. Allegedly, Nurse Hill told plaintiff not to tell her how to do her job and that all he did was complain and whine.

Plaintiff asserts that the next day, in the seizure clinic, he was given a lower dose of his seizure medicine, but when he asked a nurse[1] why she stated, "I don't care." When he asked Nurse Antonia Johann about the medication she purportedly told plaintiff that defendant Hill was lowering the doses of the medication for the next thirty (30) days and then planning on ending the medication at the end of thirty (30) days. Plaintiff claims that defendant Johann could not explain why, except for the fact that she had seen medical notes indicating that defendant Hill had documented plaintiff had refused a blood draw so defendant Hill had been unable to monitor his blood levels for his seizure medication. Defendant Johann told plaintiff defendant Hill believed plaintiff was not taking his medication. Plaintiff states that he told defendant Johann that he was taking his medication and that it was necessary to treat his seizure disorder because his seizures would increase without the medication. He also indicated that he had not refused any blood draws. Plaintiff has produced records showing that defendant Nina Hill has provided plaintiff with a medical lay-in previously for his seizure disorder, and he claims that she knew that plaintiff needed the larger dose of the medication in order to control the seizures and to maintain his health and safety.

---

[1] Plaintiff identifies this Nurse as Unknown Roberts. He has named a separate defendant Nurse as Unknown Robinson, but the Court does not believe these two defendants are the same person.

Plaintiff claims that just three days later, on February 6, 2017, he had a seizure while on the toilet, causing him to black out and wake up in a puddle of urine. Plaintiff believes the seizure occurred as a result of the decrease in his seizure medication. He asserts that the decrease in the medication by Nina Hill was in retaliation for him telling Hill that he may need to report the medical staff if they failed to report offender abuse going on at SECC.

Plaintiff seeks monetary damages and injunctive relief.

## Discussion

After reviewing the complaint in its entirety, the Court will order the Clerk to issue process or cause process to issue on plaintiff's claims of retaliation under the First Amendment and for Eighth Amendment deliberate indifference against Nina Hill in her individual capacity only.

The Court will also issue process on plaintiff's claims against Antonia Johann pursuant to Eighth Amendment deliberate indifference in her individual capacity only. Plaintiff's claims against defendants Hill and Johann in their official capacities are subject to dismissal as plaintiff has not made a custom or policy claim against Corizon, their employer. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978).

Plaintiff's claims, however, against Kimberly Delisle, Unknown Roberts, Michael Loomis and Larry Graham, are subject to dismissal, as plaintiff has not made any direct claims against these defendants. *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for order from the Court to provide an inmate account statement [Doc. #4] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.70 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Nina Hill and Antonia Johann in their individual capacities. Defendants shall be served through the waiver agreement the Court maintains with Corizon.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Nina Hill and Antonia Johann shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Michael Loomis, Larry Graham, Unknown Roberts or Kimberly Delisle because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to the official capacity claims against defendants Nina Hill and Antonia Johann. These claims are subject to dismissal. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that this case is assigned to Track 5: Prisoner Standard.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 10th day of May, 2017.

*/s/ Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE